JOSHUA E. BEMIS *vs.* DOLLY ANN BEMIS, Administratrix.

An action on a decree of the probate court for the payment of a balance due from the estate of a deceased guardian to his ward is barred by *St.* 1852, *c.* 290, in two years from the appointment of the guardian's administrator, although the decree was not obtained until the two years had expired.

ACTION OF CONTRACT, commenced on the 29th of March 1859, by a minor son of Martin Bemis, suing by E. J. Whittemore, his guardian, against the administratrix of the estate of Lewis Bemis deceased. The parties submitted the case to the decision of the court upon the following facts:

Lewis Bemis was appointed the plaintiff's guardian in March 1848, and continued in that trust until his death in November 1856. The defendant was appointed his administratrix on the 20th of December 1856, and gave bonds for the discharge of that trust, and within three months thereafter gave due notice of her appointment, as by statute provided. Whittemore was appointed the guardian of the plaintiff on the 16th of February 1859. The defendant, as administratrix, upon a citation issued to her upon the application of the plaintiff by his present guardian, filed in the probate office in March 1859 an account of the guardianship of Lewis Bemis, and on the 19th of March said account was allowed by the probate court, and the sum of $1,486.93, having been found due to the plaintiff as the balance of that account, was ordered to be paid over to the plaintiff. Due demand was made upon the defendant therefor, and this action was brought to recover it   When this action was

brought, there was no personal property remaining in the hands of the defendant; but there was real estate of which Lewis Bemis died seised, sufficient to pay this claim. The estate was never represented insolvent.

*P. C. Bacon & P. E. Aldrich*, for the plaintiff. Lewis Bemis, as guardian, held the plaintiff's estate in trust, under the supervision of the court of probate, and until that trust was terminated, and his accounts were closed and settled in the probate court, either by himself or his administratrix, no cause of action accrued to the plaintiff, to recover the amount due him under that decree. The administratrix is the proper person to settle the account. Rev. Sts. *c.* 79, §§ 1–6. *Curtis* v. *Bailey*, 1 Pick. 198. An action of debt will lie on this decree against the defendant. *Storer* v. *Storer*, 6 Mass. 390.

The statutes of limitation, Rev. Sts. *c.* 66, § 4, and *St.* 1852, *c.* 294, do not apply to proceedings in the probate court, under whose charge and jurisdiction the plaintiff's estate was, while the guardianship accounts remained unsettled; but only to actions against administrators as such. *Green* v. *Dyer*, 32 Maine, 460. If the plaintiff had commenced proceedings in the probate court immediately after the appointment of the defendant as administratrix, for the purpose of enforcing the settlement of the guardianship account, he might not have been able to procure a final decree on which he could sue in this court until after the two years had elapsed. The remedy against the heirs or sureties is merely cumulative.

*C. Devens, Jr. & W. T. Harlow*, for the defendant.

SHAW, C. J. This is a suit at law, founded on contract, in which the plaintiff, by his guardian, seeks to recover a judgment *de bonis intestati*, and can have no other. Such a suit is expressly barred by *St.* 1852, *c.* 294, limiting the action to two years from the time of giving bond. In this case the administratrix was appointed and gave bond in December 1856, the two years expired in December 1858, and this suit was commenced in March 1859. The guardian by whom the plaintiff now sues was appointed on the 16th of February 1858, almost a year before the expiration of the two years' limitation.

If the cause of action did not accrue till the settlement of the guardianship account in the probate office, and that was not until after the lapse of two years, then no cause of action ever accrued against the administratrix, and the plaintiff's remedy, if he has any, is against the heirs. If it was a debt, due upon the decease of the guardian, like that of other creditors, requiring only a settlement of the account at the probate office, to liquidate it and ascertain the amount, then it was barred by the two years' limitation. In either case, this action against the administratrix cannot be maintained, and the remedy of the ward, if he has any, is against the heirs of the intestate, or by suit on the guardianship bond.

*Judgment for the defendant.*